**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONNIE E. RUSSELL,

        Petitioner - Appellant,

    v.

GARY WATKINS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 04-1144
(D. Ct. No. 02-WM-529 (BNB))
(D. Colo.)

**ORDER**

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

Petitioner-Appellant Donnie E. Russell was convicted in state court of attempted murder, sexual assault, kidnapping, robbery, burglary, arson, and commission of a crime of violence. Mr. Russell filed a 28 U.S.C. § 2254 petition ("habeas petition") in the District Court, which was denied. The District Court also denied Mr. Russell's request for a certificate of appealability ("COA") in its order dated April 22, 2004. He filed a renewed application for a COA with this Court pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1)–(2). After examining the record in this case, Mr. Russell's motion is **DENIED**.

A COA can only issue "if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

In the District Court and on appeal, Mr. Russell alleges four constitutional violations. He claims: (1) his Fourteenth Amendment right to due process was violated by the state's bad faith destruction or suppression of evidence relating to latent finger prints, palm prints, a hammer, and a fifteen-year-old witness; (2) his Fourth and Fifth Amendment rights were violated when the trial court denied his motion to suppress statements made to the arresting officer and to the Oklahoma City police; (3) his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to present adequately Mr. Russell's theory of the case, to investigate an alibi defense, and to present a closing argument to the jury;[1] and (4) his Sixth Amendment right to effective assistance of counsel was violated on direct appeal and on post-conviction review.

The Magistrate Judge found that the state appellate court's determination of claims one and two were not contrary to, or an unreasonable application of,

---

[1]Mr. Russell separated these issues into two different claims. Since he, as well as the Magistrate and District Court, treated them as overlapping, we treat the claims as one claim for purposes of this appeal.

federal law; nor was it an unreasonable determination of the facts in light of the evidence presented at trial. He found that some parts of claim three were procedurally barred and that Mr. Russell failed to show cause and prejudice or a fundamental miscarriage of justice. With respect to the other parts of claim three, the Magistrate Judge found that the state appellate court's determination of the claim was not contrary to, or an unreasonable application of, federal law; nor was it an unreasonable determination of the facts in light of the evidence presented at trial. The Magistrate Judge found that parts of claim four were procedurally barred and that Mr. Russell failed to show cause and prejudice or fundamental miscarriage of justice, and that other parts of claim four failed to present a federal claim. Upon de novo review, the District Court accepted the Magistrate Judge's report and recommendations and denied Mr. Russell's request for a COA. Mr. Russell then requested that this Court issue a COA. We deny this request as to each of Mr. Russell's four claims because no reasonable jurist could disagree with the District Court's resolution. *See id.* at 327.

With respect to Mr. Russell's due process claim, we reach the same result as the District Court but with slightly different reasoning. A state violates a defendant's due process rights when it fails to disclose evidence that is material to the defendant's guilt. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is considered material to the defendant's guilt when it "possess[es] an exculpatory

value that was apparent before the evidence was destroyed and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984) (citations omitted). If the evidence does not possess apparent exculpatory value before its destruction, however, it may be considered only "potentially useful" evidence; and in that case, due process will not be implicated unless the defendant shows that the police acted in bad faith in failing to preserve it. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Mr. Russell alleges that the evidence relating to latent finger prints, palm prints, and a hammer was material to his guilt and should have been presented to the state court. This evidence, however, does not possess the exculpatory value required by *Brady*. Instead, the evidence is more properly categorized as "potentially useful." *See id.* at 57 ("potentially useful evidence" is evidence "of which no more can be said than that it could have been subjected to tests, the result of which might have exonerated the defendant"). Because the exculpatory value of this evidence was not apparent before it was destroyed, establishing a due process claim requires showing bad faith on the part of the police in their failure to preserve such evidence. *Id.* at 58. Mr. Russell, however, does not allege any instances of bad faith with respect to the police's failure to collect fingerprints or palm prints at the crime scene or from instrumentalities of the

crime or in its failure to preserve the hammer for evidence. Therefore, the police did not violate Mr. Russell's due process rights in failing to preserve that evidence.

Mr. Russell also alleges that a fifteen-year-old witness's statement was material and should not have been suppressed. For the suppression of this statement to create a due process violation, the statement must be both exculpatory and the evidence not obtainable by other reasonable means. *Id*. at 57. We need not determine whether the statement was exculpatory because the state trial court made a finding of fact that the witness and information were available to the defendant. We presume the correctness of the state court's finding of fact unless Mr. Russell rebuts this presumption by clear and convincing evidence, which he fails to do. *See* 28 U.S.C. § 2254(e)(1). Mr. Russell, therefore, fails to show that the statement meets the constitutional level of materiality mandated by *Brady*; as such, its suppression did not violate his due process rights.

With respect to Mr. Russell's three remaining claims, we deny a COA for substantially the reasons given by both the District Court and the Magistrate Judge.

Mr. Russell also argues that the District Court abused its discretion by failing to grant his motion for partial summary judgment, to grant him an evidentiary hearing, to rule on his motion for discovery and expansion of the

record, and to rule on his motion for appointment of counsel. We review the District Court's order and the Magistrate Judge's recommendations, which were adopted by the District Court, and find no abuse of discretion in the District Court's refusal to grant Mr. Russell's motions for summary judgment, an evidentiary hearing, expansion of the record or discovery. Finally, we grant Mr. Russell's motion to proceed *in forma pauperis* on appeal and deny his motion for appointment of counsel.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge